IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID GILL, as an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| REALPAGE, INC., a foreign corporation registered to do business in the State of Georgia; and JOHN DOES, 1-10 inclusive, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff DAVID GILL (hereafter "Plaintiff") hereby files his Complaint for Damages and Demand for a Jury Trial against Defendants REALPAGE, INC., (hereafter as "Defendant" or "RealPage," and JOHN DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. Most landlords are reluctant to consider people with a conviction history.

2. It is therefore imperative that criminal background check companies provide accurate, complete, and up-to-date information about an applicant's criminal record.

3. To further this compelling interest, Congress (through the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681 *et seq.*) enacted comprehensive legislation regulating the procurement and issuance of background check reports stating that "consumer reporting agencies have assumed a vital role" and that "there is need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a).

4. The FCRA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date.

5. Under 15 U.S.C. § 1681e(b), a background check company "shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates." (Emphasis added).

## THE PARTIES

6. Plaintiff is an individual and resident of Cobb County, State of Georgia, which is in this District and this Division. Plaintiff is a "consumer" under § 603(d) of the FCRA.

7. Defendant RealPage is a consumer reporting agency, and is, and at all times herein mentioned was, a foreign corporation registered to do business in the State of Georgia. RealPage is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, C.T. Corporation System at 289 S. Culver St., Lawrenceville, GA 30046.

8. For purposes of the FCRA, RealPage is a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f) because it is a "person which, for monetary fees, dues…regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purposes of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing *consumer reports*." (Emphasis added).

9. Under 15 U.S.C. § 1681a(d), a "consumer report" is "any written, oral, or other communication of any information by a consumer reporting

agency bearing on a consumer's credit worthiness, credit standing, credit capacity, ***character, general reputation, personal characteristics, or mode of living*** which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for…employment purposes." (Emphasis added).

10. RealPage's reports, including the background check report at issue in the present case, contains background information on consumers regarding their general reputation, character, mode of living, or other personal characteristics and are consumer reports. Among other things, RealPage's reports typically include information regarding criminal histories.

11. RealPage sells background check reports to, among others, prospective landlords.

12. Plaintiff is ignorant of the Defendants sued herein as JOHN DOES 1-10, inclusive, and therefore, sues those Defendants by such capacities when such information is ascertained through discovery.

13. Plaintiff is informed and believes and thereon alleges that each of the JOHN DOES 1-10 Defendants are responsible in some manner for the

occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

14. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants JOHN DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the FCRA, 15 U.S.C. § 1681p.

16. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and this Division pursuant to Local Rule 3.1B(1)(a).

## FACTS

17. On or about August 4, 2018, Plaintiff submitted an application for an apartment managed by IMT Residential ("IMT").

18. In connection with this housing application, IMT procured a background screening report on Plaintiff from Defendant RealPage.

19. The report inaccurately disclosed that Plaintiff was convicted of a "Sex Offense Coerced" suggesting rape or some violent sexual offense.

20. Plaintiff has never been convicted of any such crimes. More than 30 years ago, Plaintiff was convicted of a misdemeanor. Plaintiff successfully completed all requirements and was granted deferred adjudication. The case was also subsequently expunged in 2014[1] and more than 4 years prior to the date of the report.

21. Nevertheless, Defendant sold information that is outdated by more than 4 years. On information and belief, Defendant provides background check reports, like the report at issue in this case, to prospective landlords either instantaneously or almost instantaneously.

22. Thus, the results of the search were never researched, reviewed, or verified by any employee of Defendant.

23. Defendant simply purchased, and resold, second-hand criminal history information from database(s) that it knew or should have known were inaccurate, incomplete, or outdated.

---

[1] Because the crime has been expunged and suppressed, Plaintiff does not wish to disclose the exact offense here, but will do so in subsequent proceedings following applications to file documents under seal.

24. In fact, it is widely known within the background screening industry that "as is" resale of criminal records from databases can never comply with the Fair Credit Reporting Act because it is virtually impossible to constantly update all of the criminal history information stored in databases.

25. Moreover, Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure whatsoever in place to ensure that expunged records are not reported, as Defendant has no procedure in place to reconcile information obtained from their second-hand seller of criminal history information and information currently available at the courthouse.

26. The only time Defendant conducts any such verification is *after* a consumer dispute and the apartment is already lost.

27. Moreover, in order to cover up Defendant's defective reporting practices, Defendant willfully and intentionally conceals the error from prospective tenants.

28. For example, pursuant to the FCRA 15 U.S.C. § 1681g, Defendant was required to provide all information it currently possesses on the consumer upon written request.

29. When Plaintiff requested a copy of the original report from Defendant, Defendant disclosed only the updated and accurate report to Plaintiff and suppressed the original inaccurate report.

30. It took Plaintiff more than a year and repeated requests by him and his representative to receive a copy of the erroneous report.

31. Plaintiff believes this to be an attempt to avoid meritorious litigation regarding Defendant's defective screening practices.

32. More egregiously, Defendant routinely and regularly engages in the practice of adjudicating a consumer's eligibility for housing based on its own defective product.

33. Here, Defendant adjudicated Plaintiff as ineligible for housing based on its own erroneous categorization of Plaintiff's expunged conviction, which should have never been used for any reason whatsoever.

34. Defendant's actions in this case are a direct violation of the spirit of the FCRA that consumer reporting agencies should "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

35. Based on Defendant's negligent and/or reckless conduct described above, Plaintiff suffered damages including economic damages,

emotional distress, and damage to reputation. Plaintiff also seeks statutory penalties and punitive damages under 15 U.S.C. § 1681n as well as attorney's fees and costs.

### FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681e(b)

36. Plaintiff is informed and believes and thereon alleges Defendant failed to use reasonable procedures to ensure that the information is accurate.

37. Defendant failed to use reasonable procedures to ensure that the reported information accurately reflects the current public record status of the offense.

38. Defendant's violations entitle Plaintiff to damages pursuant to 15 U.S.C. § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, costs, and any other relief granted by this court.

39. Moreover, Defendant's violations entitle Plaintiff to damages pursuant to 15 U.S.C. § 1681o, including actual damages such as economic damages, emotional distress, and damages to his reputation, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants and each of them as follows as to all claims:

a. For a declaration that Defendants' practices violate FCRA, 15 U.S.C. § 1681 *et seq.*;

b. For statutory, actual, compensatory, special, general, and punitive damages according to proof as applicable against all Defendants;

c. For interest upon such damages as permitted by law;

d. For an aware of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of the lawsuit; and,

f. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

This 30th day of July, 2020.

| | |
|---|---|
| **McRAE BERTSCHI & COLE LLC** | */s/ Craig E. Bertschi* |
| Suite 200, 1350 Center Drive | Craig E. Bertschi |
| Dunwoody, Georgia 30338 | Georgia Bar No. 055739 |
| | ceb@mcraebertschi.com |
| *Counsel for Plaintiff* | 678.999.1102 |

Of Counsel:

Devin Fok (SBN #256599)
**DHF Law, APC**
16 N. Marengo Ave. Suite 403
Pasadena, CA 91101
Ph: (888) 651-6411
Fax: (818) 484-2023